Follett, J.
(dissenting).—This action is upon a note of which the following is a copy:
“$1,100.
Bartlett, April 7, 1874.
“Ten years from date, for value received, I promise to pay S. C. Emory, or bearer, the sum of eleven hundred dollars, with use.
G. W. LAW.”
*676 When G-. W. Law, the alleged maker, died, does not appear, but it appears that this action was begun against his executors December 13, 1884.
The principal issue tried before the jury was, whether the signature was genuine or forged. Upon this issue it was competent for the defendants to prove, that the maker was not indebted to the payee at the date of the note, and that there were no dealings between the parties out of which the note probably could have arisen.
February 24, 1874 (forty-two days before this peculiar note bears date), Emory gave Law his note for $221, due one year after date, with interest.
August 28, 1878, Law recovered a judgment on this note. The defendants offered this note in evidence, but it was rejected. This was error. It was competent for the defendants to show that forty-two days before the date of the note sued upon, Emory was indebted to Law, and that subsequently a judgment was recovered upon the note. From these facts some pertinent inferences might have been drawn by the jury, bearing upon the probability of the genuineness of the questioned note.
It also appears that thirty-eight days before the date of the note in suit, the parties had a full settlement, which fact it was competent for the defendants to prove, as bearing upon the question as to whether G. W. Law signed the note, and its exclusion was error.
As before stated, the evidence relates almost wholly to the question of the genuineness of the signature to the note, and there is not a suggestion in the case that the testator authorized any person to sign the note for him; there is no evidence that the testator was accustomed, or that he ever deputed another to sign his name, or that he was at any time unable to sign his own name. On the contrary, the evidence is wholly hostile to the idea that the testator authorized another to sign the note for him.
If it was signed by another, why should the signature have been so like the genuine signature of the testator' The direction of the court that the jury might find the note was signed by another person by the authority of the testator, is without the slightest support from the evidence, was misleading and erroneous.
For these errors a new trial should be granted, with costs to abide the event,.